IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey J. Bryant, | ) C/A No. 1:20-cv-01481-SAL |
| Plaintiff, | ) |
| v. | ) **OPINION & ORDER** |
| Phillip E. Thompson, Sheriff in his official capacity; Director Marcus Rhodes, | ) |
| Defendants. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). [ECF No. 12.] Also before the court is a motion to amend the complaint filed by Plaintiff Jeffrey J. Bryant ("Plaintiff"). [ECF No. 14.] For the reasons outlined herein, the court adopts the Report and denies Plaintiff's motion to amend as futile.

**PROCEDURAL BACKGROUND**

Plaintiff, an inmate appearing *pro se* and proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated. Specifically, Plaintiff claims he slipped and fell on a wet floor while incarcerated because there was not a sign indicating that the floor was wet. The alleged fall resulted in pain in his lower back and a tennis-ball-sized knot in his upper shoulder. He was prescribed muscle relaxers for seven days and thereafter given ibuprofen. He brought this action to request treatment from an outside medical provider and $140,000 in future treatment.

In accordance with 28 U.S.C. § 1915, the Magistrate Judge reviewed Plaintiff's complaint to determine whether it set forth a cognizable claim. Because 28 U.S.C. § 1915 allows an indigent

1

litigant to commence an action without prepaying the administrative costs associated with filing a lawsuit, it is a privilege that can be subject to abuse. To prevent against those abuses, the statute allows a district court to dismiss a case upon finding that the action fails to state a claim or that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Here, the Report noted that Plaintiff was advised of deficiencies in his complaint and that he was given an opportunity to amend the complaint. [*See* ECF Nos. 7, 9.] In reviewing the amended complaint, the Magistrate Judge assumed all of Plaintiff's allegations were true, applied the above standard, and concluded that his pleading was subject to summary dismissal.

Attached to the Report was the notice of right to file objections. [ECF No. 12 at p.7.] To date, Plaintiff has not filed any objections to the Report. On May 28, 2020, however, Plaintiff filed a motion to amend his amended complaint. Both the Report and the motion to amend are ripe for consideration by this court.

## DISCUSSION

### I. Review of a Magistrate Judge's Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

As noted above, when a party fails to file objections—like Plaintiff here—the court need only review the Report for clear error. After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error.[1]

## II. Motion to Amend.

Before dismissing the action in accordance with the Report's recommendation, the court will assess whether Plaintiff's motion to amend cures any of the deficiencies in his current pleading.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and leave should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that the "mandate" to freely give leave is one "to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," leave to amend may be denied. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Having reviewed the motion to amend, the court concludes that the arguments raised therein would not make his section 1983 claims cognizable. As a result, the proposed amendment is futile

---

[1] Even if the arguments in Plaintiff's motion to amend are construed as objections to the Report, the objections are overruled. Plaintiff fails to identify how the detention center's "organizational chart" would qualify as an official policy or custom that results in the alleged illegal action. [ECF No. 14 at pp.1–3.]; *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). Further, while still maintaining that negligence occurred, Plaintiff has not countered the well-established law providing that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1994).

and is denied. *See Carroll v. United States*, No. 5:14-CV-02167-JMC, 2015 WL 854927, at *6 (D.S.C. Feb. 27, 2015).

## CONCLUSION

In accordance with the foregoing, the court hereby adopts the Report, ECF No. 12, and incorporates the Report by reference herein. Further, Plaintiff's Motion to Amend, ECF No. 14, is **DENIED** as futile. As a result, Plaintiff's complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon\
United States District Judge

October 8, 2020\
Florence, South Carolina

4